KIGGINS (Donna Jean), Appellant, v. MACKYOL and
others, Respondents: KIGGINS (Leeland), Impleaded
Defendant and Respondent.

*No. 140. Argued September 5, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 261.)

For the appellant there was a brief by *Borg, McGill & Moodie* of Superior, and oral argument by *Douglas S. Moodie*.

For the respondents there was a brief by *Hughes, Anderson, Davis, Witkin & Fredrickson*, attorneys, and *John P. Foley* of counsel, all of Superior, and oral argument by *Harold Witkin*.

ROBERT W. HANSEN, J. The Wisconsin legislature has provided that "In any action or proceeding brought to the supreme court by appeal . . . if it shall appear to that court from the record, that the real controversy has

not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment . . . appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may . . . remit the case to the trial court for a new trial, . . . as shall be deemed necessary to accomplish the ends of justice." (Sec. 251.09, Stats.)

We follow this statutory authorization in reversing this judgment and remanding this case for a new trial because of two facts or factors in this case, neither one of which, standing alone, would cause us so to do.

The first troubling fact relates to the form of the question put to the jury as to the taillights of the Mackyol truck, to wit:

"Was the defendant, Leslie W. Mackyol, at the time of the collision negligent in any of the following respects:

" . . .

"(c) In failing to have his lights burning?"

This question the jury answered in the negative. Respondents' brief states this to be ". . . jury's finding that the taillights were on and visible for 500 feet in accordance with the instructions of the court . . . ." This interpretation as to what the jury found when it answered the above inquiry is shared by the trial court. In his memorandum opinion, the trial judge states: "In the instant case the jury found . . . that the rear lights on the truck were burning; that those lights were visible for 500 feet as Kiggins approached them; . . ."

As to the above question 2 (c) in the special verdict inquiring as to whether driver Mackyol was negligent "in failing to have his lights burning," the instruction given was a reading of sec. 347.13, Stats., to the effect that taillights must emit a red light plainly visible from the rear for a distance of 500 feet. It is clear that the trial court assumed and the respondents now contend

that the instruction given expands the meaning of the special verdict question asked concerning taillights to include the inquiry as to their being visible from the rear for a distance of 500 feet. Generally speaking, the enlargement of the scope of a question in a special verdict by an instruction is permissible.[1] However, it is not permissible when the question is narrow and restricted and the instruction seeks to import into it something apparently excluded by its terms.[2] We do not deal here with the issue of a question not submitted to a jury and now answered by it, where the matter is to be deemed determined by the court in conformity with its judgment.[3] Here the court has ruled that when the jury found that the truck driver did not fail to have his lights burning they intended to find and did in fact find that the taillights on the truck were visible for a distance of 500 feet. The question is close but we are not at all certain that the jury either intended or did in fact determine that the taillights were clearly visible for the statutorily required 500 feet. They did not take the instructions to the jury room. They did take the special verdict with a wording of question 2 (c) that on its face asks a narrower and sharply limited question. Certainly, there is evidence in this record on which they could have found visibility for the required distance. The question is, "Did they so find?", particularly because there is also testimony in the record as to the lights being "very dim" and of witnesses having difficulty in seeing the lights on the rear of the truck.

The second fact or factor that gives us pause is the sequence of events related to the admitted absence of

---

[1] *Jones v. Milwaukee Electric Railway & Light Co.* (1911), 147 Wis. 427, 133 N. W. 636.

[2] *Guse v. Power & Mining Machinery Co.* (1912), 151 Wis. 400, 139 N. W. 195.

[3] Sec. 270.28, Stats. *See Roze v. Architectural Building Products* (1961), 12 Wis. 2d 644, 108 N. W. 2d 140.

reflectors on the rear of the truck. Sec. 347.16 (1) (c), Stats., provides that:

"(1) No person shall operate on a highway during hours of darkness any vehicle, except automobiles, having a width at any part in excess of 80 inches unless such vehicle is equipped with:

". . .

"(c) Two reflectors mounted on the front and 2 reflectors mounted on the rear of the vehicle in such a manner as to indicate as nearly as possible the extreme width of the vehicle."

It is conceded that this section required the Mackyol truck to have two reflectors mounted to the rear, and that it did not have them. The trial court properly found this to be negligence as a matter of law, and answered the question in the special verdict, "Yes," as to Mackyol being negligent "In failing to have his truck equipped with reflectors." He gave to the jury the causation question as to reflectors, to wit:

"Was such negligence on the part of the defendant, Leslie W. Mackyol, an efficient cause of the collision and the damage sustained by the plaintiff in any of the following respects:

". . .

"(b) In failing to have his truck equipped with reflectors?"

The jury answered this question, "Yes." However, on motions after verdict, the judge changed the answer to, "No," stating that "In the instant case, from the evidence produced upon the trial, it is difficult to find any credible evidence to sustain the finding of the jury that the defendant Mackyol's failure to have reflectors on the rear of the truck he was driving was a substantial factor in the cause of the collision." Appellant earnestly contends that this changing of the jury's answer by the judge was error, asking this court to reinstate the answer of the jury as to causation. Once again, the question is close enough. Based primarily on the physical facts

and topography at the scene of the accident, the contour of the accident scene, appellant urges that the ". . . jury may well have concluded . . . that the addition of two reflectors of a size to be readily visible from 500 to 50 feet when in front of the upper beams of headlights would obviously have increased the visibility of defendant's truck." Respondents counter there is no evidence ". . . upon which to reasonably conclude that Mackyol's negligence affected Kiggins' conduct."

However, it soon becomes clear that respondents' position that the absence of reflectors could not have been causal is based on interpreting the jury finding as determining not only that the truck taillights were burning, but that they were plainly visible for 500 feet to the rear of the truck. Appellant, on the other hand, just as obviously bases her defense of the jury finding upon an interpretation of the jury answer as to taillights burning as not finding them clearly visible for 500 feet. So appellant argues that the jury was entitled to find that the presence of reflectors might have aided the visibility of the truck. Depending upon the broader or more limited interpretation as to what the jury actually found as to visibility of the taillights, either of the contentions has merit.

Putting these two facts or factors side by side, the one as to what the jury found as to taillights and their visibility—the other as to whether the absence of reflectors could be properly found to be causal, we find reason to hold that the real controversy was not resolved by the quesions put to the jury and that, in the interest of justice, a new trial should be held.[4]

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

---

[4] The exercise of this discretionary power is not dependent on whether the aggrieved party protected his rights by objection or motion in the trial court. *Kuzel v. State Farm Mut. Automobile Ins. Co.* (1963), 20 Wis. 2d 558, 123 N. W. 2d 470.